UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

IN RE

RONNIE BOZEMAN

DEBTOR

CHAPTER 7

CASE NO. 19-12547-jlg

JUDGE: James L. Garrity, Jr.

MOTION DATE: October 1, 2019

MOTION TIME: 10:00am

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Nicole DiStasio, an associate of the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Wells Fargo Bank, N.A. as Servicer for U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-16 ("Movant") will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON. James L. Garrity, Jr. |
| RETURN DATE & TIME: | October 1, 2019 at 10:00am |
| COURTHOUSE: | United States Bankruptcy Court<br>Alexander Hamilton Custom House<br>One Bowling Green<br>New York, NY 10004 |
| RELIEF REQUESTED: | The proposed order will seek to confirm that no automatic stay was nor is in effect under 11 U.S.C. § 362(a) against subject property generally described as 490 Keller Avenue, Elmont, New York 11003, pursuant to 11 U.S.C. § 362(c)(4) so that Movant may take any and all steps to complete the closing of the foreclosure sale that took place August 6, 2019. |

18-071553

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, to the relief

requested, must be served upon and received by Shapiro, DiCaro & Barak, LLC at their offices

at 175 Mile Crossing Boulevard, Rochester, NY 14624 and filed with the Clerk of the United

States Bankruptcy Court for the Southern District of New York at United States Bankruptcy

Court, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004 no later

than seven (7) days prior to the return date of this motion.

Dated:    August 29, 2019
          Rochester, New York


/s/ *Nicole DiStasio*
Nicole DiStasio
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Wells Fargo Bank, N.A. as Servicer
for U.S. Bank National Association, as Trustee,
successor in interest to Wachovia Bank, National
Association, as Trustee for Wells Fargo Asset
Securities Corporation, Mortgage Pass-Through
Certificates, Series 2005-16
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380


**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE IS REQUIRED BY
THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND
DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM
ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS
OF THE UNITED STATES.**

TO:    SERVICE LIST


18-071553

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

IN RE

RONNIE BOZEMAN

DEBTOR

CHAPTER 7

CASE NO. 19-12547-jlg

JUDGE: James L. Garrity, Jr.

MOTION DATE: October 1, 2019

MOTION TIME: 10:00am

### AFFIRMATION IN SUPPORT OF AN
### ORDER CONFIRMING AUTOMATIC STAY NOT IN EFFECT

Nicole DiStasio, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Southern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am an associate with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Wells Fargo Bank, N.A. as Servicer for U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-16 ("Movant"), a secured creditor of Ronnie Bozeman ("Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for an Order Confirming the automatic stay is nor was in effect pursuant to 11 U.S.C. § 362(c)(4) at the time of filing due to the multiple bankruptcy filings affecting real property located at 490 Keller Avenue, Elmont, NY 11003 (the "Property").

18-071553

3.  Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.  Debtor filed the instant petition for relief under Chapter 7 of the U.S. Bankruptcy Code on or about August 6, 2019 (the "Current Case").

5.  Movant initiated foreclosure proceedings in the Supreme Court of the State of New York, County of Nassau, under index number 13858/2013 (the "Foreclosure Case"). Judgement of Foreclosure and Sale ("JFS") was entered December 14, 2016. A copy of the JFS is annexed hereto as **Exhibit "A"**.

6.  A foreclosure sale was duly scheduled for August 6, 2019 in accordance with the JFS; a sale was held and the Property was sold to a third-party purchaser with a closing currently pending. Annexed hereto as **Exhibit "B"** are copies of the Terms of Sale and Memorandum of Sale.

7.  On March 28, 2017 a voluntary petition was filed by Ronnie A. Bozeman, in the Bankruptcy Court for the Eastern District of New York under Chapter 7 as Case No. 8-17-71808-reg (the "First Case"). The Debtor received a Chapter 7 discharge; an Order Discharging Debtor was entered July 12, 2017 and the bankruptcy case was closed the same day.

8.  On March 29, 2018, a voluntary petition was filed by Ronnie A. Bozeman in the Bankruptcy Court for the Eastern District of New York under Chapter 13 as Case No. 8-18-72134-reg (the "Second Case"). The Second Case was initially a deficient filing without all the required schedules. Although Debtor attempted loss mitigation in the Second Case, it was ultimately unsuccessful and Movant filed a Motion for Relief from the Automatic Stay on January 2, 2019. Although it was continued while loss mitigation was pending, the Trustee filed

a motion to dismiss on June 8, 2018. After the termination of loss mitigation, Debtor filed a letter of no opposition to the Motion to Dismiss. Prior to the hearing scheduled for the Motion for Relief, the Second Case was dismissed pursuant to the Order Dismissing Case entered February 5, 2019.

9. On April 8, 2019 a voluntary petition was filed by Ronnie Aurthur Bozeman in the Bankruptcy Court for the Eastern District of New York under Chapter 13 as Case No. 8-19-72518-reg ("Third Case"). The Third Case was a pro se, barebones filing, without all the required schedules and was ultimately dismissed pursuant to 11 U.S.C. § 521(i)(1) for the Debtor's failure to file information, as required under 11 U.S.C. § 521(a)(1). A Notice of automatic dismissal was entered on May 29, 2019.

10. Pursuant to 11 U.S.C § 362(c)(4), because the Second Case and the Third Case bankruptcy cases were pending within the last year and resulted in dismissals, and because the exception listed does not apply, the Current Case did not trigger the automatic stay that would otherwise be in effect under 11 U.S.C. § 362(a). Due to the two previously dismissed cases the automatic stay does not apply.

11. The Debtor, the Chapter 7 Trustee and the Office of the United States Trustee have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

12. No prior application has been made for the relief requested herein.

**WHEREFORE,** Movant respectfully requests that an Order be entered confirming the automatic stay was not in effect at the time the foreclosure sale took place for the the real property located at 490 Keller Avenue, Elmont, NY 11003; together with such other and further relief as the Court may deem just and proper.

Dated:    August 29, 2019
          Rochester, New York

/s/Nicole DiStasio
Nicole DiStasio
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Wells Fargo Bank, N.A. as Servicer
for U.S. Bank National Association, as Trustee,
successor in interest to Wachovia Bank, National
Association, as Trustee for Wells Fargo Asset
Securities Corporation, Mortgage Pass-Through
Certificates, Series 2005-16
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for Wells Fargo Bank, N.A. as Servicer for U.S.
Bank National Association, as Trustee, successor in
interest to Wachovia Bank, National Association, as
Trustee for Wells Fargo Asset Securities Corporation,
Mortgage Pass-Through Certificates, Series 2005-16
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000, Fax: (585) 247-7380
**Nicole DiStasio**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| IN RE | CHAPTER 7 |
| RONNIE BOZEMAN | CASE NO. 19-12547-jlg |
| | JUDGE: James L. Garrity, Jr. |
| DEBTOR | MOTION DATE:  October 1, 2019 |
| | MOTION TIME:  10:00am |

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                                          )ss:
COUNTY OF MONROE    )

I, Lora Mosher, being sworn, say, I am not a party to this action; I am over 18 years of

age, I reside in Rochester, New York.

On ___8|29___ , 2019 I served the within Notice of Motion, Affirmation in Support,

Exhibits and Proposed Order Confirming No Stay upon:

TO:    Debtor Appearing Pro Se
        Ronnie Bozeman
        490 Keller Avenue
        Elmont, NY 11003-3733

18-071553

Co-Borrower
Keturah Sapp
490 Keller Avenue
Elmont, New York 11003

Trustee
Gregory Messer
Law Offices of Gregory Messer, PLLC
26 Court Street
Suite 2400
Brooklyn, NY 11242

U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true

copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under

the exclusive care and custody of the United States Postal Service within the State of New York.

Date August 29, 2019

Lora Mosher
Bankruptcy Assistant
Shapiro, DiCaro & Barak, LLC
Attorneys for Wells Fargo Bank, N.A. as
Servicer for U.S. Bank National Association,
as Trustee, successor in interest to Wachovia
Bank, National Association, as Trustee for
Wells Fargo Asset Securities Corporation,
Mortgage Pass-Through Certificates, Series
2005-16
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380

Sworn to before me this
29 day of August , 20 19

Notary Public

ELIZABETH FRANKLIN
Notary Public, State of New York
No. 01FR6393248
Qualified in Monroe County
Commission Expires June 10, 20__

18-071553

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

IN RE

RONNIE BOZEMAN

                    DEBTOR

CHAPTER 7

CASE NO. 19-12547-jlg

JUDGE: James L. Garrity, Jr.

MOTION DATE: October 1, 2019

MOTION TIME: 10:00am

### ORDER CONFIRMING AUTOMATIC STAY NOT IN EFFECT

UPON consideration of the Application of Wells Fargo Bank, N.A. as Servicer for U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-16 ("Movant") dated August 29, 2019, and it appearing that neither the Debtor nor the Chapter 7 Trustee nor the U.S. Trustee have opposition to the motion brought by Movant, for relief from the automatic stay, and with good cause appearing therefore

ORDERED that no automatic stay that would otherwise be in effect under 11 U.S.C. § 362(a) is, nor was, in effect as of the date the foreclosure sale took place with respect to Movant, its agents, assigns or successors in interest, so that Movant may continue any and all actions pursuant to the Note and Mortgage and applicable state law, including, but not limited to, close on the foreclosure sale on premises known as 490 Keller Avenue, Elmont, NY 11003; and it is further

18-071553

**ORDERED** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect.

**Exhibit "A"**

ORIGINAL 

IAS Term Part FP of the Supreme
Court of the State of New York, held
in and for the County of NASSAU,
at the Courthouse thereof located at
100 Supreme Court Drive, Mineola,
New York 11501, on the ___ day of

OCT 2 7 2016

PRESENT:

HON. THOMAS A. ADAMS JSC

mot #2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------x

US BANK NATIONAL ASSOCIATION, AS
TRUSTEE, AS SUCCESSOR TRUSTEE TO
WACHOVIA BANK, NATIONAL ASSOCIATION
AS TRUSTEE FOR WELLS FARGO ASSET
SECURITIES CORPORATION, MORTGAGE
PASS-THROUGHCERTIFICATES, SERIES 2005-
16

Index No.: 13858-13

                                          Plaintiff,

-against-

RONNIE A. BOZEMAN; KETURAH L SAPP;
WELLS FARGO BANK N.A.,

                                          Defendant(s),

D/O/F:
**JUDGMENT OF
FORECLOSURE AND
SALE**
Premises Address:
490 KELLER AVENUE
ELMONT, NY 11003-3733

-------------------------------------------------------------x

On the Summons, Complaint and Notice of Pendency of Action heretofore filed in this

action on November 15, 2013, and Notice of Pendency Action renewed on September 1, 2016;

and all proceedings thereon; and on reading and filing the Affirmation of Regularity of SHAWN
and the Affirmation of James P. Suthre, Esq. dated September 9, 2016
A. BRENHOUSE, ESQ., signed on November 13, 2015, showing that each of the Defendants

herein have been duly served with the Summons and Complaint in this action, or have

voluntarily appeared by their respective attorneys, and stating that more than the legally required

number of days had elapsed since said Defendants were so served and/or appeared; and that none

of the Defendants had served any answer to said Complaint; nor had their time to do so been

extended or, if they had served an answer, it was dismissed by summary judgments or stipulation

of the parties, and upon the attached affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii); and that the Complaint herein and Notice of Pendency of this action containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of Nassau on November 15, 2013; and an Order Granting Summary Judgment, Appointing a Referee to Compute and Amending Caption having been duly executed whereby a Referee was appointed to compute the amount due to the Plaintiff upon the bond/note and mortgage set forth in the Complaint and said Referee having examined and reported whether the mortgaged premises can be sold in parcels,

AND, on the reading and filing the report of MALACHY PATRICK LYONS, JR., ESQ., the Referee named in said Order, by which Report, bearing date the July 23, 2015, it appears that the sum of $382,303.57 was due thereon at the date computed to on said Report and that the mortgaged premises cannot be sold in parcels.

NOW, upon proof of due notice of this application upon all parties who had not waived the same,

ORDERED, that the motion is hereby granted without opposition; and it is further

ORDERED, that the said Report of the said Referee be, and the same is hereby in all respects ratified and confirmed; and it is further

ORDERED, that the mortgaged premises, as described in the Complaint in this action be sold at public auction at the <u>Calendar Control Part (CCP) Courtroom of the Supreme Court, 100 Supreme Court Drive, Mineola, NY 11501 **on Tuesday at 11:30 am**</u> by and under the direction of MALACHY PATRICK LYONS, JR., ESQ., Fiduciary Number 708577 who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of such sale according to law and the practice of this Court, in an official publication to wit: _____

FLORAL PARK BULLETIN
PO BOX 227
FLORAL PARK NY

_____ or in any

publication in compliance with RPAPL 231; and it is further

ORDERED, that the Referee at the time of sale may accept a written bid from the Plaintiff or the Plaintiff's attorneys, just as though the Plaintiff were physically present to submit said bid; and it is further

ORDERED, that the premises be sold in "as is" condition defined as the condition the premises are in as of the date of sale and continuing through the date of closing, and that said sale shall be subject to;

(a)        Rights of the public and others in and to any part of the mortgaged premises that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

(b)        Any state of facts that an accurate, currently dated survey might disclose;

(c)        Rights of tenants, occupants or squatters, if any. It shall be the responsibility of the Purchaser to evict or remove any parties in possession of premises being foreclosed. There shall be no pro-rata adjustment in favor of the purchaser for any rents that are paid for a period after the date of the foreclosure sale.

(d)        The right of redemption of the United States of America, if any; and it is further

ORDERED, that the Plaintiff or any other parties to this action may become the

purchaser or purchasers at such sale; that in case the Plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon; and it is further

ORDERED, that the Referee conducting the sale shall pay out of the proceeds of sale all taxes, assessments, sewer rents and water rates which are liens upon the property at time of sale. Purchaser shall be responsible for interest due on any real property tax liens accruing after the first day of the month following the foreclosure sale; and it is further

ORDERED, that the Referee then take the remaining proceeds of sale and deposit them in his/her own name as Referee in his account or other separate account

SIGNATURE BANK
1225 FRANKLIN AVE
GARDEN CITY, NY 11530

_____ and in addition to executing a deed to the purchaser(s) of the premises sold, shall thereafter make the following payments and his/her checks drawn for that purpose;

~~FIRST: Pursuant to CPLR §8003(a), a fee of $500.00 shall be paid to the Referee for the computation stage and upon the filing of his/her report;~~

SECOND: The statutory fees of said Referee, MALACHY PATRICK LYONS, JR., ESQ., for conducting the sale of $250. as and for his fee for conducting the sale, pursuant to CPLR §8003(b)

THIRD: The Referee shall pay the costs of advertising/posting as listed on bills presented to and certified by the Referee to be correct, duplicate copies of which shall be annexed to the report of sale when filed.

FOURTH: Said Referee shall also pay to the Plaintiff or its attorney the following; Costs and Disbursements. $ 2613.00 adjudged to the Plaintiff for costs and disbursements in this action, to be taxed by the clerk and inserted herein, with interest at the legal rate thereon from the date of entry hereof.

**Additional Allowance.** $ _300.00_____ is hereby awarded to the Plaintiff in addition to costs with interest at the legal rate thereon from the date of entry hereof.

**Amount Due per Referee's Report.** $382,303.57 said amount so reported due as aforesaid together with interest at the rate in the note and mortgage thereon from the dated computed to in said Report until the date of entry of this judgment, with interest at the statutory rate thereon until the date of transfer of the Referee's Deed, or so much of the purchase money as will the same, and that he/she take a receipt for said payment and file it with his/her report of sale.

**Attorney Fees.** $ 2500. is hereby awarded to the Plaintiff as reasonable legal fees herein, with legal interest from the date of entry of judgment.

Plaintiff may, after entry of this judgment, add to the amount due any and all advances made by Plaintiff for inspection fees, maintenance charges, taxes insurance premiums or other advances necessary to preserve the property, whether or not said advances were made prior to or after entry of judgment, so long as said charges were not included in the Referee's Report, and the Referee be provided with receipts for said expenditures, all together with interest thereon pursuant to the note and mortgage, from the date of the expense until the date of entry of this Judgment, then with interest at the legal rate until the date of transfer of the Referee's Deed.

**FIFTH:** That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff a Deed of the premises sold upon the payment to said Referee of the amounts specified above in items marked "FIRST", "SECOND" and "THIRD"; That the balance of the amount bid, after deducting the amounts paid by the Plaintiff, for Referee's fees, and advertising expenses, shall be allowed to the Plaintiff and applied by said

Referee upon the amounts due to the Plaintiff as specified above in item marked "FOURTH" that if applying the balance of the amount bid, there shall be a surplus over and above said amounts due to the Plaintiff, the Plaintiff shall pay the same to said Referee, who shall deposit the funds in accordance with paragraph "SIXTH" below.

SIXTH: The referee shall take receipts for the money so paid out by him and file the same with his report of sale, and that he deposit the surplus moneys, if any, with the Nassau County Treasurer within five (5) days after same shall be received and be ascertainable, to the credit of this action, to be withdrawn only upon the written order of this Court, signed by a Justice of this Court; that the Referee make his/her report of such sale under oath showing the disposition of the proceeds of the sale accompanied by the vouchers of the person to whom the payments were made and file it with the Clerk of the Court within thirty (30) days of completing the sale, and executing the proper conveyance to the purchaser. If the proceeds of such sale be insufficient to pay the amount reported due the Plaintiff with interest and costs as aforesaid, the Plaintiff may recover of the Defendants, RONNIE A. BOZEMAN AND KETURAH L SAPP; the whole deficiency or so much thereof as the Court may determine to be just and equitable of the mortgage debt remaining unsatisfied After the sale of the mortgaged and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceeding Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

ORDERED, that the purchaser or purchasers at said sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED, that each and all of the Defendants in this action and all persons claiming under them or any or either of them, after the filing of the Notice of Pendency of this action, be

and they hereby are, barred and foreclosed of all right, claim, lien, title interest and equity of redemption in said mortgaged premises, and each and every part thereof; and it is further

ORDERED, that the liens of the Plaintiff other than the mortgage or mortgages that are the subject matter of this action also be foreclosed herein as though the Plaintiff was named as a party Defendant, specifically reserving to the Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and it is further

ORDERED, that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR, Part 36), including, but not limited to 36.2(c) ("Disqualification from appointment") and 36.2(d) ("Limitations on appointments based upon compensation") and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, that pursuant to CPLR 8003(b), absent application to the court, further court order, and compliance with Part 36 of the Rules of the Chief Judge, the Referee shall not demand, accept or receive more than the statutory $.2.50   otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay or stay of the sale; and it is further

ORDERED, that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge.

ORDERED, that the Referee appointed to sell herein be served with a signed copy of this Judgment of Foreclosure and Sale with notice of entry; and it is further

ORDERED, that the Referee must submit the Notice of Sale to the Motion Support Office, in the Supreme Court, Room 152 at least ten (10) days prior to the date of auction; and it

is further

ORDERED, that no sale of the premises will be scheduled, and the Court will not place the above captioned matter on the calendar for auction, nor will the Court accept a Notice of Sale, unless and until an "Affidavit in Support of Residential Mortgage Foreclosure" is submitted by the Plaintiff stating that all Federal, State and Local Statutes, Laws, Rules and Regulations, Mandates and Executive Orders with respect to Mortgage Foreclosure, Foreclosure Prevention and Home Retention, as well as all conditions precedent to the commencement of an action to foreclose a residential mortgage, have been complied with in the instant action.

That a description of the said mortgage premises hereinbefore mentioned, is annexed to this Judgment and made a part thereof as Schedule A – Legal Description.

Dated:

OCT 2 7 2016

ENTER,

Hon. Thomas A. Adams
Justice of the Supreme Court

ENTERED

DEC 1 4 2016

NASSAU COUNTY
COUNTY CLERK'S OFFICE

Title No. ████

**SCHEDULE A**

SECTION: 32 BLOCK: 540 LOTS: 43 and 44
of Tax Map of Nassau County

ALL that certain plot, piece or parcel of land, situate, lying and being at Elmont, in the Town of Hempstead, County of Nassau and State of New York, known and designated as and by Lots No. 43 and 44 in Block No. 44 as shown on a certain map entitled, "Map of Vanderveer Villa No. 2" and filed in the Office of the Clerk of the County of Nassau on June 21, 1923 as Map No. 526, which said lots, when taken together as one parcel, are more particularly bounded and described as follows:

BEGINNING at a point on the westerly side of Keller Avenue, distant 180.00 feet northerly from the corner formed by the intersection of the northerly side of "E" Street with the westerly side of Keller Avenue;

RUNNING THENCE westerly, at right angles to the westerly side of Keller Avenue, 100.00 feet;

THENCE northerly, parallel with the westerly side of Keller Avenue, 40.00 feet;

THENCE easterly, parallel with the northerly side of "E" Street and at right angles to the westerly side of Keller Avenue, 100.00 feet to the westerly side of Keller Avenue;

THENCE southerly along the westerly side of Keller Avenue, 40.00 feet to the point or place of BEGINNING.

RECEIVED IN
THIS CONDITION



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------x
US BANK NATIONAL ASSOCIATION, AS TRUSTEE,
AS SUCCESSOR TRUSTEE TO WACHOVIA BANK,
NATIONAL ASSOCIATION AS TRUSTEE FOR
WELLS        FARGO        ASSET        SECURITIES
CORPORATION,         MORTGAGE         PASS-
THROUGHCERTIFICATES, SERIES 2005-16,
                                        Plaintiff,

                                                    Index No.: 13858-13

    -against-

                                                    **COSTS OF PLAINTIFF**

RONNIE A. BOZEMAN, et al.,
                                        Defendants.
-------------------------------------------------------------------x

Costs before Notes of Issue filed,
CPLR §8201(1)............................................................$200.00

Additional Allowance by Statute - CPLR §8302(a)(b):

addl.(not exceeding $200)  $200 at 10%...$20.00
addl.(not exceeding $800)  $800 at  5%...$40.00
"   (not exceeding $2000) $2000 at 2%...$40.00
"   (not exceeding $5000) $5000 at 1%...$50.00..........$150.00

Additional Allowance by Statute - CPLR §8302(d)......$50.00

                    **FEES AND DISBURSEMENTS**
Fee for Index Number and Filing Lis Pendens
CPLR 8018(a), 8021(a)(10)........................................$594.00
Paid for searches.................................................$791.93 500.⁰⁰
Serving copy of summons and complaint
CPLR 8011(c), 8301(d)..............................................$620.00 85.⁰⁰
Request for Judicial Intervention..................................$95.00
Referee's fee (CPLR 8301(a)(1), 8003(a))....................$500.00
Certified copy of judgment.........................................$4.00
Motion fees..........................................................$90.00
Clerk's fee, filing amended notice of pendency...........$345.00
                                    --------------
                                    $3,439.93  $2613.⁰⁰

Taxed at $ _____ this _____ day of _____, 20__.


                    _____
                                Clerk

STATE OF NEW YORK            )
                            ) ss:
COUNTY OF DUTCHESS           )

The undersigned, an attorney admitted to practice in the Courts of this State, affirms that (s)he is an associate of the law firm of **ROSICKI, ROSICKI & ASSOCIATES, P.C.** the attorneys of record for the plaintiff in the above-entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: September 9, 2016
       Fishkill, New York

_____
Janet P. Sistare, Esq.

**Exhibit "B"**

*18-071553*

*8-6-19*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

US Bank National Association, as Trustee, as Successor
Trustee to Wachovia Bank, National Association as Trustee
for Wells Fargo Asset Securities Corporation, Mortgage
Pass-Through Certificates, Series 2005-16,

          Plaintiff(s),

v.

Ronnie A. Bozeman; Keturah L. Sapp; Wells Fargo Bank,
N.A.,

          Defendant(s).

**TERMS OF SALE**

Index No. 13858/2013

The Premises, known as 490 Keller Avenue, , Elmont, NY 11003-3733 (Section 32 Block

540 Lots 44 & 44), and described in the advertisement of the sale and in Exhibit A annexed hereto,

will be sold in one parcel by the Referee, ~~Francis X. Moroney~~, *RALPH J. MADALENA* Esq., upon the following terms:

    1.    Ten percent of the purchase price for the Premises will be required to be paid for

in cash or by a certified check to the Referee at the time and the place of the sale, and for which a

receipt will be given.

    2.    The balance of said purchase price will be required to be paid in cash or by a

certified check to the Referee at his office at ~~487 Westbury Avenue, Carle Place, NY 11514~~, *OR OTHER APPROPRIATE location* on

September 5, 2019, at 10:00 a.m., or any other location agreed to by the referee when the

Referee's Deed will be delivered.  This sale is "Time of the Essence" in regard to Purchaser only.

The Referee is not required to send any notice to the Purchaser; and if purchaser fails to call at

the time and place above specified to pay the balance of the purchase price and receive the deed,

the Purchaser shall be in default.  The Plaintiff shall have the option, in its sole discretion and

without leave of court, to: (1) adjourn the closing at the request of the purchaser at which time

the purchaser will be charged with interest at the prevailing judgment rate from the original sale

date (when the final bid was accepted by the referee) through the eventual closing date on the

whole amount of the purchase price as well as assuming responsibility for any and all costs

incurred as a result of any adjournment of the closing, or (2) elect to re-schedule the foreclosure

sale and the ten percent (10%) deposit given by purchaser to the Referee will be retained by the

Referee and applied to the proceeds of the rescheduled foreclosure.

3.      The Purchaser of the Premises, at the time and the place of sale, shall sign a

Memorandum of his purchase, and an Agreement to comply with the terms and conditions of the

Time is of the Essence sale herein contained, and if a closing is required and the Referee seeks

and is awarded additional fees for said closing, those fees shall be paid by the purchaser.

4.      The bidding will be kept open after the premises are struck down, and, in case any

purchaser shall fail to comply with any of the above conditions of the sale, the premises so struck

down to him will be again put up for sale, under the direction of the Referee, under these same

Terms of Sale, without application to this Court (unless the Attorneys for the Plaintiff shall elect to

make such application); and, such purchaser will be held liable for any deficiency there may be

between the sum for which the said premises shall be struck down upon the sale, and the price for

which the premises may be purchased on the resale, plus any costs or expenses incurred for such

resale, and, upon the purchaser's default, the bid deposit shall automatically be forfeited and applied

to the aforesaid deficiency, if any.  Such forfeiture shall not be a waiver of any of the rights of the

Plaintiff to seek and obtain damages from the defaulting Bidder.

5.      In case the Plaintiff shall be the purchaser, or in the event that the rights of the

purchaser shall be assigned to and be acquired by the Plaintiff, and a valid Assignment thereof filed

with the Referee, the provisions of the Judgment of Foreclosure and Sale entered herein, insofar as

they relate to such a purchase by or Assignment to the Plaintiff, shall be deemed included in these

Terms of Sale, with the same force and effect as if fully set forth at length.

6.      The Premises shall be sold in an "as is" physical condition and subject to:

(a)    The terms and provisions of the Judgment of Foreclosure and Sale are incorporated by reference herein, with the same effect as fully set forth herein;

(b)    Any state of facts an accurate Survey would show;

(c)    Covenants, restrictions and Easements, if any, of record affecting said mortgaged Premises;

(d)    Any violation of record thereof, and to Zoning Regulations and Ordinances of the City, Town, or Village in which said mortgaged Premises lie, and any violations of record thereof, or prior liens, if any;

(e)    The rights, if any, of the United States of America, pursuant to Title 28, Section 2410 of the United States Code;

(f)    Any and all tenancies, possessory interests and/or leases affecting said premises whether or not they were made party defendants; and

(g)    The rights of any defendants pursuant to CPLR §317, CPLR §2003 and CPLR §5015, if any.

7.    No Abstract of Title, stub search, or survey will be furnished. All Title and/or Abstract recreation or redating charges are the responsibility of the Purchaser. All of the expenses of recording the Referee's Deed, including, but not limited to, all of the Deed stamps, transfer taxes, and recording fees, if any, shall be paid for by the Purchaser.

8.    The Title Insurance, if any, shall be paid for by the Purchaser. In the event that the Purchaser raises any written objections to the Title, the Plaintiff shall have the option of providing Fee Title Insurance from a Title Insurance Company of its choice, ensuring insurable Title. The premium for such a Fee Title Insurance Policy shall be paid for by the Purchaser.

9.    At or before the time of making a bid, the Bidder, if other than the Plaintiff, shall exhibit to the Referee cash or certified check(s) for at least ten percent (10%) of the amount of the

bid and also identify themselves with name, address, and phone number.

10.     Any sums advanced by Plaintiff or its agents after the sale and prior to the recording of the Deed for taxes, inspections, maintenance, preservation, etc., shall be reimbursed to Plaintiff at the time of the sale by the purchaser of the property.

11.     Plaintiff or its assignees shall not be responsible for any damage occurring to the property after the foreclosure sale.

Dated: _8-6-19_

Francis X. Moroney, Esq.,
Referee
RALPH J MADALENA

### MEMORANDUM OF SALE

_Kami Holding Corp_ has this date agreed to purchase the Premises
described in the annexed printed advertisement of the sale for the sum of $ _355,000._ for
which a deposit of $ _35,500_ has been received, and hereby promises and agrees to
comply with the terms and conditions of the sale of said Premises, as above-mentioned and set
forth.

Dated: _8-6-19_

Kamran
Ghazvini

_Francis X. Moroney, Esq.,_
Referee _RALPH J. MADALENA_

_Kami Holding Corp_
Purchaser (print name)

Purchaser's signature

_516-521-6667_
Purchaser's Telephone Number

_none given_
Purchaser's Email Address

_317    Jericho  Turnpike NY_
Purchaser's Address     _Syosset, NY_
_11791_

Purchaser's Attorney

Print Name

Attorney's Telephone Number

Attorney's Email Address

## RECEIPT

Received from _Kami Holdings Corp_, the sum of $ _35,500.00_,

being ten percent of the amount of the bid for the property sold by me under the Judgment in the
above-entitled action.

Dated: _8-6-19_

_Ralph Madalena_
Francis X. Moroney, Esq.,
Referee

_RALPH J. MADALENA_

### PLAINTIFF'S RECEIPT

The ten percent deposit is waived.

_____
Francis X. Moroney, Esq.,
Referee

_____
Print Name
Shapiro, DiCaro & Barak, LLC
Attorneys for the Plaintiff

## FORECLOSURE AUCTION SURPLUS MONIES FORM

**SUPREME COURT OF THE STATE OF NEW YORK**
**NASSAU COUNTY**

---------------------------------------------------X

US BANK

Plaintiff(s),

-against-

BOZEMAN

Defendant(s).

---------------------------------------------------X

Foreclosure Auction Part

Hon. Foreclosure Judge

Index No. 13858/13

Property Address: 490 KELLER AVE ELMONT        Sale Date: **8/6/19**

Were there surplus funds?   [ ] Yes   [X] No   [ ] Referee does not know as of sale date

**A: To be completed by Referee**

| | |
|---|---|
| Judgment Amount | $ 382,303.57 |
| Upset Price | $ 342,793.05 |
| Sale Price | $ 310,000 355,000.00 |
| Surplus Amount | $ 0 |

**B: Referee Information**

Name: RALPH J. MADALENA        Telephone: 516-766-7772

Address: 128 Atkinsons RMD Rockville Centre 11570

Signature and Date: _____ 8-6-19   *See referee fees info below

**C: To be completed by Plaintiff's Representative**

Name (please print): David Gulla

Address: 333 Earle Ovington Blvd Uniondale, NY, 11553

Telephone: 516 565-2225

Signature and Date: _____ 8/6/19

**D: To be completed by Purchaser**

Name (please print): KANE HOLDING CORP.

Address: 347 Jericho turnpike syosset NY 11791

Telephone: 516 521 6667

Signature and Date: _____

*Total referee fees to exceed $750?   □ Yes   [X] No   If yes, send a copy to Fiduciary Clerk Office
*Total referee fees to exceed $1100?   □ Yes   [X] No

Status Conference Date in CCP courtroom: **2/18/2020** @ 11:00a.m.

**\*\*Parties can file a receipt from the county treasurer as proof of deposit of surplus monies with the court by fax at 516-493-3329 in lieu of appearance. Fax must include index# and caption.**

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU**

————————————————————————X    Index No. _1 3858/13_

U. S BANK

Plaintiff(s)

-against-

BOZEMAN

Defentdant(s)

**ORDER SUBSTITUTING REFEREE**

————————————————————————X

**PRESENT: HON.** ___Adams, Thomas A.___

ORDERED, that in this foreclosure auction, the Judgement of Foreclosure and Sale dated _10/27/16_
is hereby modified to the extent that, _RALph MADALENA_ of _128 AtKinson Road, RockVille Centre, N.Y 11570_
New York, is hereby substituted as Referee in place and stead of _FRANcis MORONEY_,
who is hereby discharged of all duties and obligations thereunder.

Dated: ___8/6/2019___

**ENTER**

~~HON. THOMAS A. ADAMS~~
_____